IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN R. MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Cause No.: 4:22-CV-994 |
| ) | |
| CITY OF BRECKENRIDGE HILLS, ) | |
| MISSOURI, OFF. PAUL RINCK, in his ) | JURY TRIAL DEMANDED |
| individual capacity OFF. TYLER ) | |
| FELLOWS, in his individual capacity, ) | |
| OFF. JASON KINWORTHY in his individual ) | |
| capacity, and DET. SGT. RANDY ) | |
| VONCOEDT in his individual capacity, and ) | |
| BH DOES I-V in their individual capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

On September 24, 2019, officers with the Breckenridge Hills Police Department, reported to 3229 Airway Ave in Breckenridge Hills, Missouri where they encountered Plaintiff Kevin Moses for an alleged previous domestic incident. Before the encounter was over, Defendant Tyler Fellows, Defendant Jason Kinworthy, Defendant Randy VonCoedt, Detective Paul Rinck, and/or BH DOES I-V savagely and unjustifiably beat Plaintiff, causing significant damage to Plaintiff's teeth, and caused injuries to Plaintiff's body, back, right orbital socket, right shoulder, and neck. Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendant BH DOES I-V, and Defendant Rinck then attempted to justify their actions by filing a false police report, with false information, and filing false charges against Plaintiff. Defendant Breckenridge Hills maliciously prosecuted Plaintiff on the false charges for purposes of covering up the Defendants' civil rights violations. The charges were subsequently dismissed on April 20, 2022.

## JURISDICTION AND VENUE

1. This claim is brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the Fourth Amendments, as incorporated as against States and their municipal divisions through the Fourteenth Amendment.

2. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution of the United States and § 1343(a)(3) to redress the deprivation of rights secured by the Constitution of the United States.

3. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 139l(b)(2) because a substantial part of the events giving rise to the claims occurred in the City of Breckenridge Hills.

4. Divisional venue is proper in the Eastern Division because a substantial part of the events leading to the claims for relief arose in the City of Breckenridge and Defendants reside in the Eastern Division. E.D. Mo. L.R. 2.07(A)(l), (B)(l).

5. This Court has supplemental jurisdiction over the included Missouri state law claims pursuant to 28 U.S.C. §1367.

6. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Defendant the City of Breckenridge Hills, Missouri (hereinafter, "City") is a third-class city and a political subdivision of the State of Missouri, duly organized under the Constitution of Missouri.

8. The Breckenridge Hills Police Department ("BHPD") is an instrumentality of the City of Breckenridge Hills, Missouri organized and controlled pursuant to the statutes of the State

of Missouri. On information and belief, Plaintiff states that Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

9. At the time of these incident(s), Tyler Fellows was employed as a police officer with the BHPD. Defendant Fellows assaulted Plaintiff and violated Plaintiffs civil rights. Defendant Fellows is sued in his individual capacity.

10. At the time of these incident(s), Paul Rinck was employed as a police officer with the BHPD. Defendant Rinck assaulted Plaintiff and violated Plaintiffs civil rights. Defendant Rinck is sued in his individual capacity.

11. At the time of these incident(s), Jason Kinworthy was employed as a police officer with the BHPD. Defendant Kinworthy assaulted Plaintiff and violated Plaintiffs civil rights. Defendant Kinworthy is sued in his individual capacity.

12. At the time of these incidents, Randy VonCoedt was employed as a detective sergeant with the BHPD. Defendant VonCoedt assaulted Plaintiff and violated Plaintiffs civil rights. Defendant VonCoedt is sued in his individual capacity.

13. Defendants BH DOES I-V are five persons employed as a law enforcement officers with the BHPD at the time of this incident. Defendants BH DOES I-V assaulted Plaintiff and violated Plaintiff's civil rights. Defendants BH DOES I-V are sued in their individual capacity.

14. At all times herein, Defendants were acting under the color of law.

15. Plaintiff is a resident of St. Louis County, Missouri.

16. The Defendants are jointly and severally liable to Plaintiff.

## FACTS

17. On or about September 24, 2019, Plaintiff was inside his residence at approximately 9:00pm at which point Defendants made contact with Plaintiff.

18. Earlier in the day, Plaintiff's child's mother had made a report to BHPD regarding Plaintiff allegedly kicking a door. The report was made over three hours prior to Defendants making contact with Plaintiff.

19. At the time Defendants made contact with Plaintiff, there was no threat to anyone's safety, no immediate danger, no emergency, and no probable cause to arrest Plaintiff.

20. Defendants demanded that Plaintiff exit his residence. Plaintiff inquired as to why he was being ordered out of his residence. Defendants refused to inform Plaintiff as to what was going on, but Defendants had aggressively positioned themselves outside the outside of the entry door to Plaintiff's residence.

21. Upon opening the door for Defendants, Defendants immediately attacked Plaintiff and informed him that he was under arrest despite having no probable cause for such arrest and failing to inform Plaintiff of any reasonable grounds for such arrest.

22. Defendants intentionally escalated the matter by engaging in an unnecessary and illegal physical altercation in which they repeatedly struck Plaintiff.

23. Defendants punched and kicked Plaintiff and used an excessive amount of force.

24. Defendants had no just cause for the physical altercation and had no just cause for the force used against Plaintiff.

25. Defendants lacked just cause to seize Plaintiff's person and/or body.

26. Defendants' beating of Plaintiff continued while Defendants pinned Plaintiff to the ground and handcuffed him.

27. In attempts to falsely justify the beatings, Defendants concocted a false narrative of what had transpired, including that Plaintiff threatened officers, tried to fight officers, attempted to strike officers, and/or intentionally struck officers.

28. Defendants also attributed numerous statements to Plaintiff, which were never actually made by Plaintiff.

29. The encounter was captured on one or more video recording devices that contradicted Defendants' false narrative of what transpired and showed that Defendants violated Plaintiff's civil rights.

30. As a result of the excessive force and beatings, Defendants caused significant damage to Plaintiff's teeth, mouth, jaw, face, orbital, eye, neck, back, shoulder, arm, and body.

31. Defendants filed multiple criminal charges against Plaintiff, including resisting arrest, child endangerment, assaults on law enforcement officers. The chargers were fabricated in a retroactive attempt to justify the abuse of Plaintiff.

32. For many months and/or years after the attack by Defendants, Plaintiff suffered serious psychological consequences from the attack. Plaintiff continues to suffer physical and emotional pain due to this abuse.

33. BHPD has a pattern and practice of employing police officers who abuse citizens.

34. This not the first time a BHPD officer has been sued for his involvement in beating a subject. See First Amended Complaint in Samuel v. City of Charlack, MO, et al., No. 4:12-cv-01154-RWS (E.D. Mo. October 29, 2012). In that suit, the plaintiff claimed that on May 18, 2012, a BHPD officer and officers from neighboring municipalities beat him and kicked out his teeth while he was handcuffed and not capable of resistance. Less than a year earlier, a video was posted on the internet of the same officer tackling a person and using excessive force.1 According to the

video, the officer detained the individual for exercising his constitutional right to not provide his name. Once prosecutors saw the video, they dropped the charges. Yet, BHPD allowed the officers to roam the streets and eventually assault the Samuel plaintiff.

35. In March 2019, a BHPD officer was recorded beating a 7-month pregnant woman. The woman was seized for tinted windows after she had arrived at a friend's house.

36. In August 2019, BHPD hired Officer David Maas. According to a U.S. Department of Justice Press Release, four months, earlier, Officer Maas "kicked and struck [an individual] while he was compliant and not posing a physical threat to anyone." This assault was videoed and widely available through a simple internet search when BHPD hired Officer Maas. Officer Maas has pending federal criminal charges in the Eastern District of Missouri (4:20-cr-00167).

37. BHPD has had this pattern of hiring unqualified officers with a propensity for violence for decades. In 1977, an officer with Maplewood Police Department was fired for playing Russian roulette with prisoners, resulting in a prisoner's death. BHPD then hired that officer, knowing about his well-reported malfeasance. This death revealed that BHPD had multiple officers on its force who had been dismissed by other departments.

38. BHPD also arrests people for non-violent infractions at a rate of nearly four times that of its neighbor, Woodson Terrace, and twice that of Overland. BHPD arrests people for non-violent infractions at a rate of nearly four times that of the City of St. Louis and the County of St. Louis.

## COUNT I
### 42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations: Unreasonable Seizure
### (Against Defendants Fellows, Kinworthy, VonCoedt, BH DOES I-V, and Rinck)

39. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

40. Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendants BH DOES I-V, and Defendant Kinworthy unreasonably seized Plaintiff, thereby depriving Plaintiff of Plaintiffs right to be free from unreasonable seizure of Plaintiffs person in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendant BH DOES I-V, and Defendant Kinworthy beat Plaintiff, causing damage to significant damage to Plaintiff's teeth, mouth, jaw, face, orbital, eye, neck, back, shoulder, arm, and body.

41. Further, there was no objectively reasonable belief that Plaintiff had committed a criminal offense, nor was there even arguable probable cause for the arrest. As such, the seizure was unreasonable.

42. Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendants BH DOES I-V, and Defendant Kinworthy engaged in these unlawful actions willfully and knowingly, acting with reckless or deliberate indifference to Plaintiffs Fourth Amendment rights.

43. As a direct result of the conduct of Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendants BH DOES I-V, and Defendant Kinworthy described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

44. The actions of Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendants BH DOES I-V, and Defendant Kinworthy described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish

Defendants and to deter them, as well as other similarly-situated individuals, from engaging in familiar conduct in the future, in an amount to be determined by a jury.

45.  At all times, Defendants Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendants BH DOES I-V, and Defendant Kinworthy were acting under color of state law.

46.  If Plaintiff prevails, Plaintiff is entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendants Fellows, Kinworthy, VonCoedt, BH DOES I-V, and/or Rinck for a fair and reasonable amount in compensatory damages, for punitive damages, for his attorney' fees, for his costs incurred in pursuing this action, and for any further relief this Court deems just and proper.

## COUNT II
### 42 U.S.C. § 1983 - Fourth and Fourteenth Amendment: Excessive Force
### (Against Defendants Fellows, Kinworthy, VonCoedt, BH DOES I-V, and Rinck)

47.  Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

48.  Defendant engaged in these actions willfully and knowingly, acting with reckless or deliberate indifference to the Plaintiffs Fourth Amendment rights. As a direct and proximate result of Defendant's unlawful actions, Plaintiff was damaged.

49.  As described above, the use of force against Plaintiff, when Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendants BH DOES I-V and Defendant Kinworthy beat Plaintiff, significant damage to Plaintiff's teeth, mouth, jaw, face, orbital, eye, neck, back, shoulder, arm, and body, was objectively unreasonable.

50. As a direct result of the conduct of Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendant BH DOES I-V, and Defendant Kinworthy described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

51. The actions of Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendants BH DOES I-V, and Defendant Kinworthy described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendants BH DOES I-V, and Defendant Kinworthy and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

52. At all times, Defendant Fellows, Defendant Rinck, Defendant VonCloedt, Defendant BH DOES I-V, and Defendant Kinworthy were acting under color of state law.

53. If Plaintiff prevails, Plaintiff is entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendants Fellows, Kinworthy, VonCoedt, BH DOES I-V, and/or Rinck for a fair and reasonable amount in compensatory damages, for punitive damages, for his attorney' fees, for his costs incurred in pursuing this action, and for any further relief this Court deems just and proper.

**COUNT III**
**42 U.S.C. § 1983 - Fourth and Fourteenth Amendment:**
**Failure to Intervene in Use of Excessive Force (Against Defendants BH DOES I-V)**

54. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

55. During all events that occurred on September 24, 2019 that are described in the Complaint, one or more BHPD officers, herein identified as BH DOES I-V, was a supervisor with the BHPD.

56. At all times, Defendant BH DOES I-V had the ability to intervene and order Defendants and/or BHPD officers to cease with the unconstitutional seizure and use of excessive force on Plaintiff.

57. Defendants BH DOES I-V knew the seizure of Plaintiff was unreasonable and illegal.

58. Defendants BH DOES I-V knew the force used against Plaintiff on September 24, 2019 was unreasonable under the circumstances.

59. As a direct result of the conduct of Defendants BH DOES I-V described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

60. Defendants BH DOES I-V engaged in these actions willfully and knowingly, acting with reckless or deliberate indifference to the Plaintiffs Fourth Amendment rights. As a direct and proximate result of Defendants' unlawful actions, Plaintiff was damaged.

61. The actions of Defendant BH DOES I-V described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously

indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendant BH DOES I-V and to deter Defendant BH DOES I-V, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a Jury.

62. Defendants BH DOES I-V acted under color of state law.

63. If Plaintiff prevails, he is entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendants Fellows, Kinworthy, VonCoedt, BH DOES I-V, and/or Rinck for a fair and reasonable amount in compensatory damages, for punitive damages, for his attorney' fees, for his costs incurred in pursuing this action, and for any further relief this Court deems just and proper.

## COUNT IV
### 42 U.S.C. § 1983 - Municipal Liability
*Monell* **Claim against Defendant City of Breckenridge Hills for Negligent Hiring, Failure to Supervise, and for a Custom of Conducting Unreasonable Seizure, and Use of Excessive Force**

64. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

65. Defendant City is liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for the individual Defendants' violations of Plaintiff's rights because the violations were caused by a policy, practice, or custom of the BHPD.

66. Defendant City negligently hires officers with a propensity for unlawful and illegal conduct because the City lacks mechanisms to properly screen potential hires or intentionally turns a blind eye to evidence of said unlawful and illegal conduct.

67. Defendant City has inadequately disciplined BHPD officers, with respect to its officers' use of force.

68. Defendant City had notice that its officer supervision was inadequate and likely to result in constitutional violations, based on previous complaints from citizens, lawsuits, and videos posted online of BHPD officers violating citizens' rights.

69. Additionally, but without waiver of the foregoing, City officials failed to supervise, control, and/or discipline BHPD officers when they engaged in constitutional violations like those set forth above.

70. BHPD has a custom of conducting unreasonable seizures and using excessive force, as described above.

71. BHPD continues to rely on ineffective processes to curb these unconstitutional behaviors, rather than adopting a process for the independent investigation and review of citizen complaints, evidencing a continuing policy, custom or practice of inadequately supervising and disciplining officers for conducting unreasonable seizures and using excessive force.

72. BHPD failed to implement any new policies or practices to identify or discipline officers for conducting unreasonable seizures and using excessive force.

73. In these failures, Defendant City has been deliberately indifferent to the rights of citizens, and these failures and policies are the moving force behind, and direct and proximate cause of, the constitutional violations suffered by Plaintiff, as alleged herein.

74. As a direct result of the conduct of Defendant City described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

75. If Plaintiff prevails, Plaintiff is entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendants City for a fair and reasonable amount in compensatory damages, for his attorney' fees, for his costs incurred in pursuing this action, and for any further relief this Court deems just and proper.

## COUNT V
### Missouri State Law: Assault
### (Against All Defendants)

76. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

77. Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck beat Plaintiff causing significant damage to Plaintiff's teeth, mouth, jaw, face, orbital, eye, neck, back, shoulder, arm, and body. These actions caused Plaintiff to experience apprehension of immediate physical injury.

78. Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

79. As a direct result of the conduct of Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendant BH DOES I-V, and Defendant Rinck described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

80. The actions of Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously

indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a Jury.

## COUNT VI
### Missouri State Law: Intentional Infliction of Emotional Distress
### (Against All Defendants)

81. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

82. Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck's actions by beating Plaintiff, which caused significant damage to Plaintiff's teeth, mouth, jaw, face, orbital, eye, neck, back, shoulder, arm, and body, rose to the level of extreme or outrageous conduct that goes beyond the possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

83. Defendant Fellows' actions were intentional.

84. Defendant Kinworthy's actions were intentional.

85. Defendant VonCoedt's actions were intentional.

86. Defendant Rinck's actions were intentional.

87. Defendants BH DOES I-V's actions were intentional.

88. Such actions by Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendant BH DOES I-V, and Defendant Rinck have caused Plaintiff severe emotional distress that has resulted in bodily harm, as described above.

89. Defendant Defendant Fellows', Defendant Kinworthy's, Defendant VonCoedt's Defendants BH DOES I-V, and Defendant Rinck's sole motivation was to cause emotional distress to Plaintiff.

90. Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

91. As a direct result of the conduct of Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

92. The actions of Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendants for a fair and reasonable amount in compensatory damages, for punitive damages against all Defendants other than Defendant City, for his costs incurred in pursuing this action, and for any further relief this Court deems just and proper.

### COUNT VII
### Missouri State Law: Negligent Infliction of Emotional Distress
### (Against All Defendants)

93. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

94. Alternative to Count VI, above, by beating Plaintiff, which caused significant damage to Plaintiff's teeth, mouth, jaw, face, orbital, eye, neck, back, shoulder, arm, and body, Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck realized or should have realized that his conduct posed an unreasonable risk to Plaintiff.

95. Plaintiff was reasonably in fear for his own person because of the actions of Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck and suffered emotional distress or mental injury that is medically diagnosable and sufficiently severe to be medically significant as a result of Defendant's actions.

96. Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

97. As a direct result of the conduct of Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

98. The actions of Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendant Tyler Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH

DOES I-V, and Defendant Rinck and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendants for a fair and reasonable amount in compensatory damages, for punitive damages against all Defendants other than Defendant City, for his costs incurred in pursuing this action, and for any further relief this Court deems just and proper.

### COUNT VIII
### Missouri State Law: Battery
### (Against All Defendants)

99. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

100. On September 24, 2019, Plaintiff suffered battery at the hands of Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck.

101. Namely, Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck physically aggressive tactics caused intentional and offensive bodily harm to Plaintiff.

102. When Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck beat Plaintiff, which caused significant damage to Plaintiff's teeth, mouth, jaw, face, orbital, eye, neck, back, shoulder, arm, and body, Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck caused further intentional and offensive bodily contact to Plaintiff.

103. Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

104. As a direct result of the conduct of Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

105. The actions of Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendants for a fair and reasonable amount in compensatory damages, for punitive damages against all Defendants other than Defendant City, for his costs incurred in pursuing this action, and for any further relief this Court deems just and proper.

## COUNT VIII
**Missouri State Law: Malicious Prosecution**
**(Against All Defendants)**

106. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

107. Defendant City, Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck initiated a prosecution and/or charges and/or suit against Plaintiff.

108. On April 20, 2022, the suit/prosecution was terminated in favor of Plaintiff.

109. There was lack of probable cause for initiation of the suit/prosecution.

110. In initiating the suit/prosecution, Defendants were motivated by malice.

111. Specifically, the purpose of the suit/prosecution was to cover up constitutional violations and civil rights violations committed by Defendants, including the excessive force used against Plaintiff, which caused severe injuries.

112. Plaintiff suffered damages as a result of the suit/prosecution, including paying attorney's fees associated with defending against the suit/prosecution, emotional distress, and having false charges appear on his record.

113. The actions of Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendant Fellows, Defendant Kinworthy, Defendant VonCoedt, Defendants BH DOES I-V, and Defendant Rinck and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

WHEREFORE Plaintiff respectfully request judgment in his favor and against Defendants for a fair and reasonable amount in compensatory damages, for punitive damages against all Defendants other than Defendant City, for his previously incurred attorneys' fees, for his costs incurred in pursuing this action, and for any further relief this Court deems just and proper.

Date: September 22, 2022               Respectfully submitted,

**THE O'BRIEN LAW FIRM, PC**

BY: /S/ Grant C. Boyd            #67362
Grant C. Boyd #67362
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com

*Attorneys for Plaintiff*