UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KEVIN MOSES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:22CV994 HEA |
| ) | |
| **CITY OF BRECKENRIDGE HILLS,** ) | |
| **MISSOURI, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Counts V, VI, VII, VIII and IX [Doc. No. 6]. Plaintiff opposes the motion as to Count IX only. For the reasons set forth below, Defendants' Motion will be denied.

### Background and Facts

On September 22, 2022, Plaintiff Kevin Moses filed this civil rights action against Defendants City of Breckenridge Hills, Missouri and several of its police officers, sued in their individual capacities, for claims arising out of an excessive force incident.

Defendants filed the instant motion to dismiss the claims against them as alleged in Counts V, VI, VII, VIII and IX, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition to Defendants' Motion as to Count

IX[1] only, the Malicious Prosecution claim. Plaintiff stipulated to dismissal of Counts V, VI, VII, VIII, which the Court granted. Therefore, Count IX is the only claim at issue here.

Plaintiff's Complaint alleges, in pertinent part:[2]

On September 24, 2019, officers with the Breckenridge Hills Police Department, reported to 3229 Airway Avenue in Breckenridge Hills, Missouri where they encountered Plaintiff Kevin Moses for an alleged previous domestic incident. Before the encounter was over, Defendants Tyler Fellows, Jason Kinworthy, Randy VonCoedt, Detective Paul Rinck, and/or BH DOES I-V savagely and unjustifiably beat Plaintiff, causing significant damage to Plaintiff's teeth, and caused injuries to Plaintiff's body, back, right orbital socket, right shoulder, and neck. Defendants Fellows, Kinworthy, VonCoedt, BH DOES I-V, and Rinck then attempted to justify their actions by filing a false police report, with false information, and filing false charges against Plaintiff. Defendant Breckenridge Hills maliciously prosecuted Plaintiff on the false charges for

---

[1] The Court has original jurisdiction as to the 1983 claims alleged in Count I-IV and supplemental jurisdiction as to the malicious prosecution claim, as alleged in the Complaint. 28 U.S.C. §§ 1331 and 1367(a). The Complaint refers to the Malicious Prosecution claim as Count VIII, but the parties agree it should be listed as Count IX and the Court will refer to it as such.

[2] For purposes of this Order only, the allegations in the Complaint are taken as true. *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017). This in no way relieves the parties of the necessary proof thereof in any later proceedings.

purposes of covering up the Defendants' civil rights violations. The charges were subsequently dismissed on April 20, 2022.

Count IX for Malicious Prosecution states that Defendants City of Breckenridge Hills, Missouri, Fellows, Kinworthy, VonCoedt, BH DOES I-V, and Rinck initiated a prosecution and/or charges and/or suit against Plaintiff. On April 20, 2022, the suit/prosecution was terminated in favor of Plaintiff. There was lack of probable cause for initiation of the suit/prosecution. In initiating the suit/prosecution, Defendants were motivated by malice. Specifically, the purpose of the suit/prosecution was to cover up constitutional violations and civil rights violations committed by Defendants, including the excessive force used against Plaintiff, which caused severe injuries.

Plaintiff seeks judgment in his favor, including compensatory and punitive damages and attorneys' fees and costs.

## Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R .Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are

fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## Discussion

Defendants argue Plaintiff's malicious prosecution claim in Count IX of his Complaint filed on September 22, 2022 is time-barred because the statute of limitations is two years, and the incident at issue occurred on September 24, 2019.

Defendant is correct that the statute of limitations for malicious prosecution in Missouri is two years. *Williams v. Southern Union Co*. 364 S.W.3d 228, 231 (Mo. App. Ct. W.D. 2011), citing Mo. Rev. Stat. § 516.140. However, "[i]n malicious prosecution cases, this two-year statute accrues upon the termination of the allegedly malicious action in favor of the plaintiff." *Id.,* citing *Arana v. Reed*, 793 S.W.2d 224, 226 (Mo. App. Ct. 1990).

4

Plaintiff's Complaint alleges the suit/prosecution at issue was terminated in favor of Plaintiff on April 20, 2022. Therefore, the two-year statute of limitations enumerated in Section 516.140 did not begin to run until April 20, 2022. Plaintiff filed this cause of action approximately six months later on September 22, 2022, which is well within the two-year statute of limitations allowed. Plaintiff's claim for malicious prosecution as alleged in Count IX of his Complaint was timely filed.

## Conclusion

Based upon the foregoing analysis, Defendants' Motion to Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count IX [Doc. No. 6] is **DENIED.**

Dated this 10th day of May, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE